The first case this morning is PARKS v. Department of Veteran Affairs. Ms. Lyons? Thank you, Your Honor. Good morning. May it please the Court, the Veterans Court erred in this case as a matter of law in expanding the rule of law that it set out in Cox to mean that a nurse practitioner is competent in all instances to provide competent medical evidence. As the Veterans Court said below, Cox is directly applicable here. The Court went on, Ms. Larson was competent to provide an opinion because of her medical education and training. Ms. Lyons, you're not saying that Cox was incorrectly decided by the Veterans Court. You're saying the error is in what you characterize as, in this case, an expansion of the rule of Cox. That's exactly right. In fact, the decision in Cox supports that because the decision in Cox is not as broad as the Veterans Court interpreted it in the decision here. In fact, what the Veterans Court said in Cox was, that is not to say that all medical examinations conducted by healthcare providers are sufficient. The Board must review the examination, and if incomplete or otherwise insufficient, the Board must return the reports to the VA. Here, the Veterans Court has expanded Cox to provide a rule of law that a nurse practitioner is competent in all circumstances. Wouldn't any time you make that kind of an argument, of course we have to be aware of our jurisdictional constraints here, and your first two contentions are that they improperly expanded Cox and that they ruled contrary to the regulation, and then there's the remand issue. But the first two, I'm having a little bit of a problem seeing how those aren't outside our jurisdiction because it seems that in the first instance, the court said, okay, we look at Cox under these facts and the vet loses, and they looked at the regulation and said, applied the regulation to the facts and said the veteran lost. I mean, isn't that application of law to fact on your first two points, leaving aside the remand issue? No, Your Honor, it's not. The rule of law that was applied by the court here on Cox establishes that there can be no further looking. There can be no further consideration. In all instances, as a matter of law, the decision of a nurse practitioner is competent medical evidence. Isn't that a rebuttable sort of a proposition? That's correct, Your Honor. And in fact, the Rizzo line of cases support that. And Rizzo says, if challenged, there is no affirmative duty by the VA to provide the competence in the first instance. However, when challenged... There was no attempt made here to rebut the qualifications of Ms. Larson. Is that correct? We submit that as incorrect, Your Honor. At the first available opportunity, after Mr. Parks had counsel, he challenged the qualifications of the nurse practitioner, and moreover, in distinction to all of the other cases, Rizzo, Bastian... Is that too late? It is not, Your Honor. Consistent with this court's decision in Comer, that challenge should be considered sympathetically when a veteran is proceeding pro se, as he was before the board. Let me ask you about the application of Comer to this case. And Comer certainly does stand for the proposition that a veteran's claim should be interpreted sympathetically or treated sympathetically and not in a very narrow sort of a way when the veteran is pro se. But I wonder about whether that extends to raising a whole different argument that was never raised before the board. Because my concern, and you can address that, but then also if you would address what I think is the ultimate concern here is that if we were to say that an issue such as the competence of a particular medical professional to do an examination or provide an opinion was something that could be raised for the first time in the Court of Appeals for Veterans Claims, even though it had not been raised by the pro se appellant, that would seem to me to mean that essentially in every case involving a medical opinion, you would have the opportunity, the veteran could simply come in and say, well, I want my remand now because I didn't raise it before. We understand that concern, Your Honor. We think it's inapplicable in this case. And we do submit that Comer suggests sympathetic reading. But here this case is different. Well, but setting aside the particulars of this case, you're asking us, I think, for a rule. If I read your reply brief especially correctly, I think you're asking us for a rule that would say that the veteran in no case will be deemed to have waived his medical competence claim by not having raised it before the board. And if that's the case, then it would seem to trigger the concern that I was expressing, would it not? That was not, and the Veterans Court said affirmatively would not be considered with respect to the qualifications of the nurse practitioner. We submit that as an abuse of discretion. It should be considered with the record as a whole on whether the nurse practitioner provided a competent medical opinion. We also submit that it was an error as a matter of law to interpret Cox so broadly as to hold in every case that a nurse practitioner is competent. The error here is that holding by the Veterans Court that nurse practitioners are always qualified. And that is inconsistent with the court's decision in Cox, which says that healthcare professionals may be, and a nurse practitioner in particular, may be qualified, but may not always be qualified. The situation there and the factual situation there was quite different. The nurse practitioner was looking at issues of lower back pain and abdominal strain. The court considered the challenge and said the nurse practitioner was qualified. Here, instead, the Veterans Court said for all purposes, a nurse practitioner is qualified, and additionally refused to consider the proffer of evidence provided by Parks at his first available opportunity after retaining counsel that the qualifications were inadequate. Let me ask you, sort of maybe following up a little bit on what Judge Bryson was discussing with you. Is it your position that when a veteran is pro se, obviously before the board, and then for the first time asserts an issue before the Court of Appeals for Veterans Claims, that given Comer and other cases, that it can always be considered by the Veterans Court that the pro se litigant is not barred? I don't know that we're looking for such a broad rule of law, Your Honor. We're saying in this instance, given the rule of law that the Veterans Court adopted in this case with respect to nurse practitioners, combined with the fact that there is a proffer of evidence regarding the qualifications of this nurse practitioner. But the whole issue was raised for the first time before the Veterans Court. That's correct, Your Honor. That is correct. There were issues raised with respect to a nurse practitioner versus a doctor having provided that opinion. That was raised before the board, but the specific qualifications of the nurse practitioner were not. It may be hard just to come up with this right on the spur of the moment, I understand. But can you think of a situation where a veteran would be pro se before the agency and the board comes up and raises an issue for the first time, where you would say it would be barred? Well, I think this court's decision perhaps in Bastion answers that. In Bastion, what appears to be a pro se veteran later challenged the qualifications. The court there said that the veteran had requested the qualifications of the expert, and by requesting those qualifications would have been in a position, therefore, to have challenged them. So the issue was raised enough so that the veteran should have made that challenge, notwithstanding that there's no indication that the veteran was represented by counsel. So I think there are situations decided by this court where that would be the case. So we're not looking here for a broad ruling that Bastion is incorrect. But it is true that the veteran in this case challenged a good deal of the nurse practitioner's opinion before the board. Shouldn't we presume in a situation like that that he waived the rest of his challenge? The challenge by the veteran here was that the decision was not signed by a doctor and instead was signed only by a nurse practitioner. So there was no specific request for qualifications or the issue regarding the nurse practitioner's qualifications was not raised before the board. And we do concede that that is the case. The first time the specific issue of qualifications was raised was before the veterans court, along with the proffer. But there were other challenges to the nurse practitioner's judgments. Well, yes, Your Honor, there were. There was a challenge that the nurse practitioner's decision didn't provide enough information, but there was no specific challenge to the qualifications. And that was not made until later. And the additional information, as the government recognizes, outside the record regarding the nurse practitioner's qualifications was not provided until later. Doesn't the presumption have to work in situations then where everything is challenged but that? I'm not sure I quite understand, Your Honor, but the situation here is this veteran. I'm really raising basic waiver principles. When you challenge a variety of things and elect not to challenge that competency, doesn't that presume that that's been waived? I think a finding of waiver would be inconsistent with Comer and looking at the veterans challenge sympathetically where the veteran was not represented by counsel. So I do think that Comer does come into play regarding how the veterans court should have considered the veterans challenge. I'd also point out that the veterans court here did not indicate that Parks waived that challenge. The veterans court squarely decided it. The veterans court said Cox is applicable here. Cox is applicable and we hold that essentially that a nurse practitioner is qualified for all purposes. So that issue of waiver was not the basis for the veterans court decision. Instead, the veterans court held, as I said, a broad rule of law in Cox, which we assert is incorrect, and refused to consider the additional evidence provided by Mr. Parks with respect to the nurse practitioner's qualifications. Would you like to reserve the rest of your time, Ms. Hines? Thank you. I would. May it please the Court. I think that the argument this morning strayed a little bit from the briefs, which page 17 of the blue brief, the opening brief, there's a suggestion that they're not really challenging. Mr. Parks isn't really challenging here. The fact that it was a nurse practitioner, it's just that in this case there should be some specialized requirement because of the nature of the illness. It seems to have developed here this morning that we're talking now about a broad rule about all nurse practitioners. I think Cox in this court, in Rizzo, Basham, and Sickles has answered this question. I think the argument here primarily is, by Mr. Parks, is one of how does Comer and Rizzo intersect. I think this court in Sickles answered that plainly when it held that this court recognizes Comer, recognizes a sympathetic development requirement on the part of the VA, but notwithstanding that requirement, Rizzo applied in the Sickles case. You don't feel that the Veterans Court mechanically applied the Cox decision and shut off any consideration of competency here? Not at all, Your Honor. I think that the court in this case, as the courts, Veterans Courts did in those prior cases, Rizzo, Basham, and Sickles, looked at the question of whether there was competence, but held, as this court affirmed, that absent a challenge to the board, that both the board and the Veterans Court was entitled to rely on the presumption of regularity that the individuals who provide the medical opinions were properly trained and qualified. That doesn't necessarily foreclose an argument being raised before the Veterans Court that the record itself establishes a lack of competence, but that finding by the Veterans Court in this case that there was nothing in this record that supported a finding of a lack of competence is one that can't be challenged before this court. Hence, our initial argument in this case, which is that if you really look at the principles of what was decided below, this court has no jurisdiction to review a finding by the Veterans Court that there was nothing in the record to support a finding of a lack of competence on the part of the nurse practitioner in this case. What about the point that is raised in the briefs rather extensively, that Cox was gastrointestinal disorders of a different level of complexity than what we're dealing with here? Well, I think, Your Honor, as soon as we acquire more competency of the medical diagnosis, I think for purposes of our discussion, I have to preface it by saying we're opening up the factual can of worms. So that as soon as we discuss the facts of the case in the context of trying to determine whether an individual was better or less qualified in a particular case to provide a medical opinion, we're getting into the area that the Veterans Court really is charged with doing. But having said that, as I think we indicated in our briefs, there's certainly evidence in this record to indicate that the VA was acting regularly, if you will, when it assigned the nurse practitioner in this case the responsibility of performing the medical exam. We have to recall that it was pursuant to a board opinion requesting a remand for the purpose of a Project 112 CHAD physical examination. And that was directly in the order. And when you look at the medical opinion that's in the record, that is identified in the medical opinion as the purpose of the examination. Does that make this case different? I think that makes this case consistent with every other case in which the Veterans Court has found that the individual who provided the examination was competent. Clearly, there's nothing in the record that suggests a lack of competence. The only suggestion outside of the record that even hints at the lack of competence is this idea that the nurse practitioner in this case was licensed by the State of Oklahoma and the family practice group. But that doesn't answer any questions with respect to her competence in this case. That doesn't shed any light on whether or not she had received the proper Project 112 or CHAD training, which would be part of a presumption of regularity as this court held should apply in these kinds of cases. Now, you and Ms. Hines, I think, disagree if I follow the two arguments pretty profoundly as to what the Court of Appeals for Veterans Claims did in this case. Ms. Hines seems to argue that this was a per se rule with respect to – that the court adopted, number one, and number two, that the court didn't rely on waiver in any degree. You're arguing that it's not a per se rule and that they did rely on waiver. Now, the opinion is only three and a half pages long, so could you point me to the places in the opinion where you think we can conclude that the court is doing what you say they're doing and not what Ms. Hines says they're doing with regard to those two issues? Yes, Your Honor. The primary passage would be the final paragraph of the decision before the heading conclusion where the court actually examines the medical examiner and the medical opinion that were provided. Now, if there was some per se rule of waiver or that she – that nurse practitioners were always qualified, I don't see the necessity of including any kind of discussion about what this particular medical exam contains. Maybe it's dealt in suspenders. Well, whether you – however you want to characterize it, it does indicate that the Veterans Court is giving thought to this question of whether or not the exam was adequate in this particular case. Well, I guess really I think Ms. Hines is perfectly capable of speaking for herself, but right now I'll speak for her. I think she would probably say, well, look at the paragraph on A3 starting in Cox and Nicholson and the next paragraph saying Ms. Larson was competent to provide an opinion because of her medical education and training, that being that she was a nurse practitioner. They weren't focusing on any specific aspect of her medical education and training, if I understand correctly. But that's Cox. Yes, that's what Cox held, though. So what you're saying is Cox is saying if you are a nurse practitioner, you're good, period, end of discussion, no ifs, ands, and buts. Well, the context in Cox and these other cases around that time were basically every medical examination had to be provided by a doctor, and VA doesn't normally do that. Many medical examinations are provided by nurse practitioners, as actually people here in this courtroom may well be able to say, myself included. And so what VA was saying in Cox was just because we have a nurse practitioner provide a medical examination doesn't mean she's not qualified to do that. Well, but the question is, is this an irrebuttable presumption or is it a rebuttable presumption? Well, I think that when this court adopts Cox and Rizzo, which this court does, it speaks in different tones. But one of the tones, especially at the end of the Rizzo decision, is this idea of the presumption of regularity, which is repeated in Bastian and Sickles. And of course, and this is how you can read Comer into it, frankly, that clear evidence to the contrary from the record could form a basis for a rebuttable presumption. And how Comer fits in with that is Comer also, building off of Hodge and Roberson beforehand, speak to when there's an absence of a challenge, but the record clearly and unequivocally demonstrates that something is amiss. The Veterans Court in this case, had they been faced with a challenge by Mr. Parks, in which the record clearly and unequivocally demonstrated something was amiss, might have been in a position to remand this. And I don't see how Rizzo would have precluded them from doing that, and I don't think that the court here concluded that either. I mean, they went on to actually consider the medical examination in question. If they didn't think that they had a basis to examine the question, they wouldn't have. So, I think what the Veterans Court here did is consistent with this court's holdings in Rizzo, Bastian, and Sickles, and Cox. That the presumption is that a nurse practitioner or any medical official with the VA gets the proper sufficient training to perform the examination, the CP examinations, which they do. And that there's absence of challenge at the time, which would require the board to go and develop the record. The board and the Veterans Court are entitled to rely upon that presumption when entertaining challenges to the competency raised for the first time for the Veterans Court. So, you think there's nothing in this opinion that would tell me, if I were sitting as a member of the board, that would tell me that if someone raised a question about the competence of a particular nurse practitioner, or for that matter, a particular physician, that I would not be able to inquire into that issue? Not from this decision, and especially not from this court's precedential decisions in Rizzo, Bastian, and Sickles. So, when you said Cox answers that, you didn't mean to say that Cox disposes of those kinds of arguments and precludes them. I think, no, I think Cox doesn't come up with, Cox comes up as, and more, from our perspective, more significantly, this court's decisions in Rizzo, comes up with an idea that where you don't challenge it, then you have a presumption kick in. What's regular is regular. So, if you don't challenge it before the board, you can't come back later and say the board failed me in not affirmatively establishing the qualifications of a medical professional who provided my examination. That's not a basis for any kind of a remand. That doesn't mean you can't, based on the record that existed before the board, raise the question of whether or not there was some impropriety with respect to who was the provider of the medical opinion. Of course, that issue isn't one that will ever come to this court because the Veterans Court will resolve it one way or the other, and it will involve an application of law to fact. But I don't see this decision or any of these decisions necessarily foreclosing the argument. What they do, though, is reinforce the idea that in the absence of a challenge before the board, it is entirely permissive on the part of the board and the Veterans Court to rely on this presumption of regularity that the VA hires people that know what they're doing. Well, that may be what the court was saying, but they didn't say that in so many words. I think we can all agree with that, wouldn't you? Your Honor, as I said, I point to the last paragraph. That's not so many words. It may not be the best possible way to say it, but in our view, it is a way to say it. When you come up and you look at the top second full sentence from the first page on A5, the adequacy of medical examination is a factual determination reviewed under the clearly erroneous standard. They are looking at whether or not the appropriate medical services were provided here, and I don't see how we can read that out. I don't see them simply backhanding an argument that was presented to them. I will say I want to conclude in response to the reply brief, and I think the court may be aware of this, that in our mind, Sickles is conclusive on this case. The question of the intersection of Comer and the presumption of regularity as applied in this case, because Mr. Sickles did raise in his reply brief before this court, and even in his opening brief, this question of whether or not his pro se status before the Veterans Court entitled him to some different view from this court with respect to the application of Rizzo. I would just highlight page 17 of his opening brief, he relies on the HR report number 10963, the fully and sympathetically language that this court used in Hodges, Roberson and Comer to support its decisions. And then at page 16 of the reply brief, he specifically responds to our argument in our response brief where we cited this court's decision, Rizzo, as saying that he was not represented by counsel before the board, but by a representative of the Veterans Service Organization, so therefore he did not need to raise or challenge the competency of the officials for the first time before the board. We think that this court's discussion of Comer in Sickles then, when read in context of these arguments that were presented to the court, resolved this case and Sickles would control the outcome. I just have one more question for you. And I think you've touched on this before, but I want to make sure I have your position. How would you characterize the rule of Comer with respect to the issue of waiver? What do you think is encompassed within the no waiver principle of Comer? What category of cases? You understand, or maybe my question is not as clear as it needs to be. Maybe I'm not reading Comer as restrictively in the court. Well, I guess I'm curious. You're saying this case is not a Comer case. Well, I would say that in Sickles, this court held that notwithstanding the existence of Comer, the government, the secretary, both the board and the Independent Court of Appeals for Veterans Claims, was entitled to rely on the presumption that the medical officials were competent absent a challenge. So is there a principled line to be drawn and articulated between the, if it's waiver, maybe it's not waiver, but the conclusion that Comer is a case in which the Court of Appeals for Veterans Claims was required to consider an argument and a case in which, such as perhaps Sickles, in which it is not? I mean, we struggle with this issue since Maggott. I mean, you know, the language in Maggott is pretty, oh, it isn't required in every case, and these are factual determinations, and that's all very well and good, but it would be nice to have some kind of principled ground for distinguishing between something as fundamental as waiver and between cases in which waiver is appropriate and cases in which it's not. And we know from Comer there's at least a subset of cases in which it's not. And with all due respect, Your Honor, I have difficulty getting away from the case-by-case response that you've already indicated probably doesn't work. And I think that's the difficulty with Comer is we came up with an idea that what in any other setting would amount to a waiver isn't a waiver. I guess the principle being that if it's so obvious based on the record that the board or the RO acting as the paternalistic agent of the individual should have acted or identified the issue on behalf of the individual. I mean, that's in order to answer that question. I tried to throw out a possible way of looking at these cases to Ms. Hines. I don't think she didn't embrace it, but something along the lines of there's a difference between reading a claim sympathetically versus entertaining a completely new argument. Certainly. I mean, that would be, I guess, ultimately dependent on the fact because in order to determine whether it's a completely new argument, you'd get the variations of that. And I think Judge Shaw actually asked a question earlier about somebody raises a type of argument that could be similar and it could be different. So you're always going to be left with this splitting hairs response that, yeah, clearly if the record establishes that this is completely different from what he was arguing, and you could make an argument like in Bastion, which I think Ms. Hines used as an example, and I think it's a good one, where Ms. Bastion did raise specific issues but didn't raise other issues in this court held accordingly. Thank you, Mr. Hawkey. Ms. Hines, you have two and a half minutes. Thank you, Your Honor. With respect to the Sickles decision, we believe that case is distinguishable for a number of reasons. First, the primary issue there was whether the veteran was entitled to a new examination as opposed to a review of the record. And the Veterans Court held that a review of the record without an additional medical examination was appropriate. In addition, in Sickles, there was no proffer of competence. There was no proffer of additional evidence regarding the competence of the VA medical professional that provided the opinion. For that significant reason, Sickles is distinguishable as is Bastion. The Rizzo case is distinguishable as well. In Rizzo, the veteran was represented by counsel before the board, which is a significant difference here, where the veteran was not represented by counsel before the board and where the Comer issue comes into play. As the government agreed, Cox does not preclude a challenge. The Cox decision should be read as not precluding a challenge to the qualifications of a nurse practitioner. We submit that this Veterans Court decision on appeal here establishes, by very plain language, that a nurse practitioner is qualified for all purposes and suggests that the challenge explicitly stated in Cox is not applicable. That was an error as a matter of law and provides this court with jurisdiction to consider the issue. Thank you, Your Honor. Could I ask one further question? Please go ahead, Chief. Just what do you think is the strongest statement or the clearest statement in the court's opinion in this case indicating that they have taken this additional step beyond Cox and foreclosed a challenge, if timely made before the board, to the competence of a nurse practitioner to do in a specific case? In other words, you have a nurse practitioner who's trained in cardiology and you're saying, what's your opinion about endocrinology or something? Yes, Your Honor. On page A3 to A4, the court says quite plainly, quote, Cox is directly applicable here. Ms. Larson was competent to provide an opinion because of her medical education and training. While Mr. Parks may believe that his specific claim requires a specialist, that belief is not supported by the law. We believe that's inconsistent with the Cox decision itself, which suggests or rather states that challenges may be appropriate, and we believe that's inconsistent with the regulation, which provides for competent medical opinion. So you think that that language would foreclose an argument along the lines that I suggested of challenging the nurse practitioner because he or she has no experience in endocrinology? Yes, Your Honor, we do. Thank you, Ms. Hines. Thank you.